IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MIDRAD, LLC,                                                                           OPINION and ORDER

                Plaintiff,

                                                                 09-cv-594-bbc

      v.

DANE COUNTY, WISCONSIN
and TOWN OF MIDDLETON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Midrad, LLC, operates a tavern called the Outer Limits in Middleton, Wisconsin. Plaintiff wishes to offer nude dancing at the tavern, but has refrained from doing so because it fears that doing so will violate ordinances of defendants Town of Middleton and Dane County, Wisconsin. In the alternative, plaintiff would like to continue presenting performances of dancers wearing G-strings and pasties, which it began earlier this year, but it believes this may violate the ordinances as well.

      Plaintiff brought this lawsuit under 42 U.S.C. § 1983 in the Circuit Court for Dane County, Wisconsin, contending that the county's and town's restrictions on adult entertainment violate the First Amendment. In particular, plaintiff says that the county is

1

violating the Constitution by limiting "adult entertainment" to land that is zoned for industrial use, when there is no vacant land in Dane County that has been set aside for future industrial use. Plaintiff says that the town is violating the Constitution through an ordinance that prohibits "lewd conduct" in "public places" and by penalizing establishments with suspension or revocation of their liquor license if they allow "indecent acts" or offer "nude or seminude entertainment."

The county removed the case to this court under 28 U.S.C. §§ 1441 and 1446. It does not appear that the town joined the county's petition for removal in writing, as required under § 1446(a). Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994) ("A petition for removal fails unless all defendants join it."), abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). However, because plaintiff failed to move for a remand within 30 days of removal (September 29, 2009), which is a second requirement of 28 U.S.C. § 1447(c), plaintiff has forfeited the issue. "By remaining silent altogether, a party accepts the federal forum—whether intentionally or by forfeiture does not matter." Roe, 38 F.3d at 302.

The town has filed a motion to dismiss, which is now ripe for review. Dkt. #4.[1]

---

[1] Before the case was removed, plaintiff filed a "Motion for a Temporary Injunction" and a "Motion for an Immediate Ex Parte Temporary Restraining Order." Dkt. #1, exhs. C and D. It does not appear that the state court took any action on these motions before removal, but both plaintiff and defendants have ignored the motions since the case was

(The county has not filed its own motion to dismiss or joined the town's motion.) The town's opening brief consists of a seven-paragraph preamble to the town's answer, affirmative defenses and counterclaim. In its brief, the town says that plaintiff's claim against it is "not ripe for judicial determination." Because none of the town's arguments show that plaintiff's claim is unripe, the town's motion to dismiss will be denied.

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296 (1998) (internal quotations omitted). In the context of a preenforcement challenge such as this one, perhaps the most common argument regarding ripeness is that the possibility of enforcement is too speculative to create a case or controversy under Article III, e.g., Wisconsin Central, Ltd. v. Shannon, 539 F.3d 751, 760-61 (7th Cir. 2008), but the town does not raise this argument. Instead, it makes a much less straightforward argument, which seems to rely on the following premises: (1) Dane County allows adult entertainment in industrial zones only; (2) Outer Limits is not located in an industrial zone; (3) plaintiff needs a zoning variance to comply with county law; (4) only owners of a property can ask for a variance; and (5) plaintiff does not own the property. The town concludes:

---

removed to this court. Defendants have not responded to the motions and neither side addressed the motions in their joint discovery plan or at the preliminary pretrial conference. Dkt. ##7 and 13. Because it seems that plaintiff has abandoned the motions, I will take no action on them.

3

> Therefore, until such time as the owner of the land rented by plaintiff seeks to rezone the property, plaintiff has no legal right to present adult entertainment. Inasmuch as the plaintiff has no legal right to present adult entertainment, its claims related to possible enforcement of Town ordinances are not ripe for judicial determination because plaintiff cannot complain of the risk of being penalized for engaging in activity which it is not authorized to undertake.

Dkt. #4, at 3.

As I understand it, the town's argument is that plaintiff's claim against the town is not ripe until the owner of the property requests and receives a variance from the county to allow adult entertainment. In other words, the town seems to be saying that plaintiff cannot sue the town until he resolves any dispute with the county. The town clarifies this point somewhat in its reply brief: "Declaring that the Town's ordinance is unconstitutional will be of no avail to Midrad because Midrad will still need to surmount the existing County ordinance." Dft.'s Reply Br., dkt. #11, at 9.

The town's conclusion is premised on several unstated, incorrect assumptions. The first is that the county ordinance is coextensive with the town's ordinances. In other words, the town's position is that plaintiff would gain nothing by invalidating the town's ordinances because the county ordinance prohibits the same conduct. The county ordinance at issue is § 10.151, which prohibits "adult entertainment establishments" outside areas that are zoned for industrial use. Section 10.01(2n) defines an "adult entertainment establishment" as

4

any establishment which for monetary consideration is used for presentations or service distinguished or characterized by an emphasis on exposure to view of human genitals, pubic area, anus, vulva, female breasts with less than a complete opaque covering of any part of the nipple or areola; or male genitals in a discernable turgid state, even if opaquely covered; or on acts of or acts which simulate the fondling of another person's genitals, pubic region, anus, or female breasts, sexual intercourse, masturbation, flagellation, sodomy, bestiality, necrophilia, sadomasochistic abuse, fellatio, cunnilingus, or any sexual conduct as defined by s. 944.21(2)(e), Wisconsin Statutes.

With respect to town ordinances, plaintiff is challenging parts of § 7-2-7(d) that assess "demerit points" each time a tavern is cited for "Adult Entertainment Without Permit," "Nude or Semi-Nude Entertainer or Employee Visible" or "Permitting Indecent Acts." Second, plaintiff is challenging § 9-2-5, which prohibits persons from "intentionally perform[ing] any lewd act in a public place or park knowing that such conduct is likely to cause reasonable affront and alarm." The ordinance defines "lewd act" to include "[e]xposure of the human anus[,] genitals [or] female breast lower than the upper edge of the areola," "[t]ouching[,] caressing or fondling of the male or female genitals or female breasts, whether clothed or naked," "sexual intercourse or sexual contact" and "[s]imulated acts of human sex."

Neither side attempts to provide a detailed construction of these ordinances or cites any case law in which a court has construed the ordinances. (My own research disclosed one recent case in which the Wisconsin Court of Appeals discussed the Dane County ordinance but did not construe it. Town of Cross Plains v. Kitt's Field of Dreams Korner, Inc., 2009

5

WI App 42, — Wis. 2d. —, — N.W.2d —.) However, even a cursory glance at the county and town ordinances suggests that they do not prohibit identical conduct. For example, plaintiff argues that the Dane County definition of "adult entertainment establishment" does not necessarily include a tavern that presents dancers wearing G-strings and pasties (because this does not involve the naked exposure of a woman's genitals or her areola) but that the town's prohibition on "seminude" entertainment would likely cover these acts. The town does not contradict plaintiff's interpretation.

The second incorrect assumption the town indulges in is that the only way plaintiff may challenge the town's regulation is to first comply with the county ordinance. This could be true only if plaintiff were conceding that the county's regulations of adult entertainment were valid. However, plaintiff is *not* making such a concession; its claim is that the town's *and* the county's regulations violate the Constitution. There would be no point to going through the process of requesting a variance when plaintiff's position is that it is not required to go through that process. (In fact, the town acknowledges that, as a renter, plaintiff does not have standing to request a variance. Thus, the town's view seems to be that someone in plaintiff's position should have no means to challenge the law.)

The third assumption the town makes is that the ripeness doctrine prohibits a plaintiff from seeking to remove one unconstitutional barrier if another barrier exists. The town overlooks the obvious fact that the county could make the same argument the town

6

is making, that is, even if the county ordinance is declared unconstitutional, the town's regulations would still prohibit plaintiff from running his tavern as he likes. Alternatively, the town may believe that plaintiff must challenge violations of his rights using a "top down" approach, challenging the larger government entity's restrictions before the smaller.

The town cites no authority for this view. Under the ripeness doctrine, the question is whether there is a sufficient risk that the defendant will take "concrete action" against the plaintiff. Corey H. v. Board of Education of City of Chicago, 534 F.3d 683, 688 (7th Cir. 2008). In the context of this case, the question is whether the town is likely to penalize plaintiff for having adult entertainment at its tavern; it does not matter whether the county could assess its own penalties. The town has not suggested that it believes plaintiff's current and proposed entertainment at the tavern is consistent with the town's regulations or that it will not enforce its regulations because it believes the county's enforcement actions would be sufficient. In any event, even if the town were correct that plaintiff cannot challenge the town's regulations without first challenging the county's regulations, that argument does not help the town because plaintiff *is* challenging the county ordinance in this case. It would make no sense to require plaintiff to file one lawsuit challenging the county ordinance and then, if plaintiff succeeded, a separate lawsuit challenging the town's ordinances.

The town raises one other argument in its opening brief:

[T]he plaintiff's proposed use of the property is a violation of plaintiff's lease

7

>with the property owner, which specifies in paragraph 5 that the premises are to be used in conformity with applicable zoning ordinances. Hence, plaintiff is bound by the terms of its real estate lease not to engage in any activity that would violate the Town's ordinances, so the plaintiff's claims are not ripe for judicial determination.

Dkt. #4, at 3.

The town does not explain how plaintiff's lease is related to the issue of ripeness. In any event, whether plaintiff has broken its lease is a matter between plaintiff and the property owner. Because the town does not suggest that it is a party to that contract, it has no legally protected interest in seeing that plaintiff complies with the contract.

The town raises a number of new arguments in its reply brief, prompting plaintiff to file a "Motion to Disregard Certain Arguments Made by the Town of Middleton in Reply Brief." Dkt. #12. That motion will be denied as unnecessary because nothing in the town's reply brief supports its position that dismissal is appropriate.

Most of the discussion in the town's reply brief is irrelevant. For example, the town defends its "demerit points" system as "neutral" and "reasonable" and criticizes plaintiff for challenging the system as "too harsh," but this argument is out of place. Plaintiff is not challenging the town's ordinances on the ground that they are "too harsh" but because it believes the ordinances violate the First Amendment. In any event, the reasonableness of the ordinances is a question related to the merits of the case, which are not part of the town's motion.

8

Also, the town argues in its reply brief that plaintiff's claim is "moot *and* unripe," dkt. #11, at 2, but the town seems to misunderstand what mootness is. A claim cannot be moot and unripe at the same time because the two doctrines mean opposite things. As discussed above, a claim is unripe when the plaintiff's injury rests on contingent events. A moot claim is one that *was* ripe, but is no longer a live controversy because the plaintiff received all its requested relief or circumstances have changed so that an injunction would no longer redress an ongoing injury. St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 626 (7th Cir. 2007); Dorel Juvenile Group, Inc. v. DiMartinis, 495 F.3d 500, 503-04 (7th Cir. 2007). The town's "mootness" argument has nothing to do with these concepts; it is simply a restatement of its "ripeness" argument that plaintiff cannot seek relief against the town "until the county zoning ordinance is changed." Dkt. #11, at 8. However the town characterizes that argument, it is not an appropriate ground for dismissal.

Finally, the town cites two cases in support of its view that the county's zoning ordinance bars plaintiff's claim against the town, but neither case is instructive. In EJS Properties, LLC v. City of Toledo, — F. Supp. 2d —, 2009 WL 2766721 (N.D. Ohio, Aug. 27, 2009), the court concluded that the city did not violate the plaintiff's rights under the due process, equal protection and petition clauses by failing to pass a rezoning ordinance that would permit the plaintiff's property to be used as a charter school. In A.B.T. Corp., Inc. v. City of Fort Lauderdale, 664 F. Supp. 488 (S.D. Fla.1987), the court rejected several

9

state law challenges to city ordinances restricting nudity in establishments serving alcohol. Because neither of these cases addresses questions of mootness or ripeness or involves any issues that are relevant to this case, they provide no guidance in deciding the town's motion.

If either defendant believes that enforcement of its ordinances against plaintiff is too speculative to create an actual case or controversy under Article III, that defendant is free to raise that issue in a motion for summary judgment. However, at this stage of the proceedings, the town has not provided any reason to believe this case is not ripe.

## ORDER

IT IS ORDERED that

1. Plaintiff Midrad, LLC's motion to disregard new arguments raised in defendant Town of Middleton's reply brief, dkt. #12, is DENIED as unnecessary.

2. Defendant Town of Middleton's motion to dismiss, dkt. #4, is DENIED.

Entered this 16th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge